United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTOR MANUEL ROSALES,<br><br>                        Petitioner,<br><br>          v.<br><br>TIMOTHY AITKEN, in his Official Capacity,<br>Director of San Francisco Office of Detention<br>and Removal, U.S. Immigration and Customs<br>Enforecment; JOHN MORTON, Director of U.S.<br>Immigration and Customs Enforcement; JANET<br>NAPOLITANO, Secretary of Department of<br>Homeland Security; ERIC H. HOLDER, Jr.,<br>Attorney General, Department of Justice,<br><br>                        Defendants. | Case No.: 11-CV-4246-LHK<br><br>ORDER DISMISSING TEMPORARY<br>RESTRAINING ORDER AND<br>PETITION FOR HABEAS CORPUS |

Petitioner Victor Manuel Rosales filed the instant habeas petition pursuant to 28 U.S.C. §

2241 and an ex parte motion for a temporary restraining order and preliminary injunction seeking

to stay the government from removing him on August 29, 2011.  *See* ECF Nos. 1-4.  Later the

same day, the parties stipulated that Petitioner would not be removed for thirty days, and agreed to

a shortened briefing schedule on the issues raised in the habeas petition and the motion for a

temporary restraining order.[1]  Stipulation to Briefing Schedule and Proposed Order, August 29,

2011, ECF No. 8.  Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion and

---

[1] The parties stipulated that the issues raised in the habeas petition were the same issues raised in
the TRO and preliminary injunction.  *See* Stipulation to Briefing Schedule and Proposed Order,
August 29, 2011, ECF No. 8.

1

petition are appropriate for determination without oral argument and VACATES the September 28, 2011 motion hearing.  After reviewing the papers, supporting documentation, and the relevant legal authorities, the Court concludes that it lacks jurisdiction over this case.  Petitioner's motion for temporary restraining order and habeas petition are DISMISSED.

## I.   BACKGROUND

Petitioner, a native citizen of Guatemala, entered the United States on January 1, 1990, along with his cousin, Idania Rosales-Picen.  Petitioner allegedly fled Guatemala to avoid persecution at the hands of Guatemalan guerillas.  Both Petitioner and Ms. Rosales applied for asylum separately in 1997, with the assistance of counsel Miguel Gadda, based upon political opinion persecution.  On November 2, 1998, an immigration judge denied Petitioner's applications for relief from removal, and ordered Petitioner removed.  Proctor Decl. Ex. 2, September 7, 2011, ECF No. 11.  Mr. Gadda was subsequently disbarred, and another attorney represented both Petitioner and Ms. Rosales during their subsequent appeals before the Board of Immigration Appeals ("BIA") and the Ninth Circuit.  On March 28, 2002, in a per curiam order, the BIA affirmed the immigration judge's decision.  Proctor Decl. Ex. 4, September 7, 2011, ECF No. 11. The agency decision was appealed to the Ninth Circuit.  The Ninth Circuit remanded the case back to the agency for consideration of whether Petitioner had, in fact, been a victim of past persecution. Proctor Decl. Ex. 4, September 7, 2011, ECF No. 11.

On August 7, 2003, the BIA again dismissed the Petitioner's appeal on the merits.  The BIA determined that Petitioner was not a victim of past persecution because the written threats he received were not menacing, nor were they accompanied by any kind of confrontation or mistreatment.  Moreover, Petitioner lived for over ten years in a different part of Guatemala without any problems, and his family, including his wife and children, remained in Guatemala without incident.  Proctor Decl. Ex. 5, September 7, 2011, ECF No. 11.  The Ninth Circuit affirmed the BIA decision on January 12, 2006, concluding that there was substantial evidence supporting the BIA's decision.  Proctor Decl. Ex. 6, September 7, 2011, ECF No. 11.  After the final appeal to the Ninth Circuit on the merits, the U.S. Immigration and Customs Enforcement ("ICE") issued a removal warrant against Petitioner on March 30, 2006.  Proctor Decl. Ex. 7, September 7, 2011,

2

1   ECF No. 11.  In July 2006, Petitioner and Ms. Rosales, after obtaining divorces from their prior

2   spouses, were married.

3        Petitioner filed motions for the BIA to stay removal and reopen the case.  The BIA denied

4   Petitioner's request to stay on April 27, 2007.  Proctor Decl. Ex. 8, September 7, 2011, ECF No.

5   11.  Also in April 2007, Petitioner and Ms. Rosales were taken into immigration custody.  After

6   being taken into custody, Petitioner and Ms. Rosales obtained their current counsel.  At that time

7   counsel realized that Ms. Rosales also potentially had a claim that she was entitled to asylum as a

8   victim of domestic violence by her first husband that had not been investigated or asserted by prior

9   counsel.  Petitioner and Ms. Rosales immediately filed supplements to their emergency motions to

10  reopen to show ineffective assistance of prior counsel and requesting to reopen the agency

11  determination on the merits.  The BIA denied both motions to reopen.  As to Petitioner's motion to

12  reopen, the BIA rejected as too speculative his claim that additional testimony elicited would have

13  changed the result of the initial determination.  Proctor Decl. Ex. 9, September 7, 2011, ECF No.

14  11.  The Ninth Circuit affirmed the BIA's denial of Petitioner's motion to reopen based on

15  ineffective assistance of prior counsel on March 25, 2011, concluding that Petitioner was unable to

16  establish prejudice by former counsel's failure to conduct additional investigation or illicit

17  additional testimony.  Proctor Decl. Ex. 11, September 7, 2011, ECF No. 11.  The Ninth Circuit

18  also denied Ms. Rosales' motion to reopen based upon ineffective assistance of counsel.  Proctor

19  Decl. Ex. 12, September 7, 2011, ECF No. 11.  On August 26, 2011, Petitioner and Ms. Rosales

20  filed motions to reopen their cases sua sponte based on Ms. Rosales's application for asylum on

21  domestic violence grounds, as well as emergency motions to stay removal with the BIA.

22  Petitioner's motion to stay removal was denied on August 29, 2011 in a short order stating "After

23  consideration of all information, the Board has concluded that there is little likelihood that the

24  motion will be granted.  Accordingly, the request for a stay of removal is denied."  Nightingale

25  Decl. Ex. I, September 14, 2011, ECF No. 13.

26  ## II.   DISCUSSION

27        Petitioner brings this habeas petition pursuant to 28 U.S.C. § 2241, requesting that this Court

28  "order that Petitioners not be removed so that the Board of Immigration Appeals can adjudicate the

United States District Court
For the Northern District of California

1    motion to reopen on its merits."  Petition for Writ of Habeas Corpus ¶ 31, August 29, 2011, ECF

2    No. 1.  Respondents assert that this Court lacks jurisdiction to hear Petitioner's habeas petition and

3    the resulting motion for a temporary restraining order.  The Court addresses this threshold issue

4    first.

5           The "REAL ID Act" of 2005 stripped district courts of habeas jurisdiction over final orders

6    of deportation or removal, and vested jurisdiction to review such orders exclusively in the courts of

7    appeals.  Specifically, 8 U.S.C. § 1252(a)(5) provides:

8

9           Notwithstanding any other provision of law (statutory or nonstatutory), including
            *section 2241* of Title 28, or any other habeas corpus provision, and *sections 1361* and
            *1651* of such title, a petition for review filed with an appropriate court of appeals in
10          accordance with this section shall be the sole and exclusive means for judicial review
            of an order of removal entered or issued under any provision of this chapter.
11

12   8 U.S.C. § 1252(a)(5).  Moreover, subsection (g) of 8 U.S.C. § 1252 states in pertinent part that "no

13   court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the

14   decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute

15   removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).  Thus, the Act made the

16   circuit courts the "sole" judicial body able to review challenges to final orders of deportation,

17   exclusion, or removal.  *See Alvarez-Barajas v. Gonzales,* 418 F.3d 1050, 1052 (9th Cir. 2005).

18          The jurisdiction-stripping provision, however, "does not apply to federal habeas corpus

19   petitions that do not involve final orders of removal."  *Nadarajah v. Gonzales,* 443 F.3d 1069,

20   1075 (9th Cir. 2006).  "Therefore, in cases that do not involve a final order of removal, federal

21   habeas corpus jurisdiction remains in the district court, and on appeal . . . pursuant to 28 U.S.C. §

22   2241." *Id.* at 1076.  Thus, to the extent that Petitioner seeks to have this Court review his final

23   removal order or the removal proceedings, this is not the proper court or the proper manner to

24   entertain such a challenge.  *See Dhillon v. Mayorkas*, 2010 U.S. Dist. LEXIS 40181, *15 (N.D.

25   Cal. 2010).

26          In this case, Petitioner seeks an order staying his removal and directing Respondents to

27   adjudicate the motion to reopen.  It is clear, regardless of how Petitioner frames this motion, that

28   Petitioner seeks to "halt the execution of the final orders of removal" arising from a proceeding

brought in connection with Petitioner's removal, and therefore this Court lacks jurisdiction over this case.  *See De Leon v. Napolitano*, 2009 WL 4823358 *3 (N.D. Cal. 2009).  While this Court recognizes that it may have jurisdiction to hear petitions arising out of proceedings other than removal proceedings, *see Dhillon*, 2010 U.S. Dist. LEXIS 40181 at *17, it finds that here, Plaintiff clearly seeks this Court to review a final order for removal, which it may not do.[2]

Petitioner relies heavily on Supreme Court jurisprudence regarding the right to habeas relief and the limits that may be placed on jurisdiction stripping statutes.  Petitioner argues that 8 U.S.C. § 1252(g) creates a hypothetical scenario in which the Court does not have jurisdiction to review Petitioner's claims and that he will not be able to obtain review of constitutional or statutory issues in any forum.  Pet.'s Reply to Mot. for TRO at 5-6, September 14, 2011, ECF No. 12.  Petitioner, however, fails to identify any statutory or constitutional issue or error by the Agency for this Court to resolve that would necessarily allow him relief from removal.  Moreover, Petitioner fails to acknowledge that he has already had Ninth Circuit review of both the denial of his asylum petition and removal order as well as his motion to reopen based upon his ineffective assistance of counsel claim.  Petitioner is not in a situation in which he asserts a constitutional or statutory issue and has been unable to bring his claims to *any* court for relief.

### III. CONCLUSION

Accordingly, as this Court lacks jurisdiction, this case is DISMISSED.  The September 28, 2011 motion hearing is VACATED.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 21, 2011

LUCY H. KOH
United States District Judge

---

[2] Petitioner's reliance on *Singh* is misplaced.  *See Singh v. Gonzalez*, 499 F.3d 969 (9th Cir. 2007). In *Singh* the court determined, in a case in which the Ninth Circuit had had no opportunity to hear Petitioner's claim on the merits, that an ineffective assistance of counsel claim that arose after the removal proceedings could be raised and adjudicated in the District Court, notwithstanding the jurisdictional bar of the REAL ID Act.  Petitioner here has already had Ninth Circuit intervention on the merits of his claims, and is not alleging violations arising from proceedings that occurred after the removal proceedings at issue.  *Singh*, therefore, does not compel a contrary result than the one reached here.

5